UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOSHIANO ISHII, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
|      vs. | ) CAUSE NO.  1:09-cv-1509-WTL-DML |
| | ) |
| MARION COUNTY SUPERIOR COURT NO. 13, et al., | ) |
| | ) |
|    Defendants. | ) |

## ENTRY REMANDING CASE TO STATE COURT

Because the Plaintiffs' complaint contained federal claims, the Defendants removed this case from state court to this court.  The Plaintiffs have now voluntarily dismissed all of their federal claims.  The Plaintiffs argue that this dismissal divests this court of subject matter jurisdiction over this case.  That argument is incorrect.  Rather, the Court had jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over claims based upon state law that are closely related to the federal claim(s) in a case.  That jurisdiction is not destroyed by the subsequent dismissal or resolution of the federal claims, because "[w]e analyze jurisdiction based on the events at the time the case is brought . . . [and w]hen a case is initially filed in state court and then removed to federal court, the time-of-filing rule means that we analyze our jurisdiction at the time of removal, as that is when the case first appears in federal court."  *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 427 (7th Cir. 2009).[1]

The fact that this Court has jurisdiction over this case, which now consists only of state-

---

[1] For obvious reasons, the Plaintiffs' request that the Defendants be sanctioned for suggesting that this Court still has jurisdiction over this case is **DENIED**.

law claims, does not mean that this case should remain here, however. "When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). There are exceptions to that general rule, and the court should decide the merits of a supplemental state claim when (1) the statute of limitations has run, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is "absolutely clear" how the state claims should be decided. *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). None of those exceptions apply here. Accordingly, this case is **REMANDED** to the Marion County Superior Court.

      SO ORDERED:    03/18/2010

                                                Hon. William T. Lawrence, Judge
                                                United States District Court
                                                Southern District of Indiana

Copies to all counsel of record via electronic notification